IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-94-CR-428-D(01) |
| LAWRENCE M. HARRISON | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

Defendant Lawrence M. Harrison, appearing *pro se*, has written a letter to the court that the district judge has construed as a motion to amend the restitution order in this criminal case. For the reasons stated herein, the motion should be denied.

I.

Defendant was convicted by a jury on multiple counts of conspiracy, wire fraud, money laundering, and excise tax evasion. Punishment was assessed at 188 months confinement on the money laundering counts and 60 months on the other counts, to run concurrently. As part of its judgment, the court ordered defendant to make restitution to his victims in the amount of $442,000. The judgment provides that "[p]ayment shall begin while the defendant is incarcerated, and the balance shall be payable through monthly installments of at least $13,000." (Gov't Resp. App. at 006). To date, defendant has paid $1,635.61 towards his restitution debt, leaving an unpaid balance of $405,164.39. (*Id.* at 009-11).

On July 12, 2006, defendant sought to amend his restitution payment schedule on the grounds that his advanced age and medical condition prevent him from working while in prison and likely will limit his employment opportunities upon his release. The court denied the motion

without prejudice. *See* Order, 9/14/06.[1] Thereafter, the government demanded immediate payment by defendant of his restitution obligation. In its demand notice dated December 20, 2006, the government warned:

> If you do not pay your debt, Federal law allows agencies to refer debts to the United States Department of the Treasury for the purpose of collecting debts through the Treasury Offset Program. Under this program, the Department of Treasury will reduce or withhold any of your eligible Federal payments . . . by the amount of your debt.

(Gov't Resp. App. at 012). On January 7, 2007, defendant filed the instant motion, arguing that he has not been credited with all restitution payments and that requiring immediate payment of his restitution obligation is contrary to the terms of a written agreement with the government. The motion has been fully briefed by both parties and is ripe for determination.

II.

The court initially observes that defendant does not appear to seek a modification of his restitution order pursuant to 18 U.S.C. § 3572(d)(3).[2] Instead, defendant objects to the government's attempt to offset his restitution obligation by withholding any federal payments, including social security benefits, owed to him. The government counters that such offsets are authorized by the Treasury Offset Program ("TOP").

---

[1] The court invited defendant to reurge his motion "after he is released from the custody of the Bureau of Prisons and has either attempted to find employment or can demonstrate that factors such as his age or health prevent him from obtaining employment that would enable him to make at least some payment toward his restitution obligation." *See* Order, 9/14/06.

[2] Section 3572(d)(3) provides:

> A judgment for a fine which permits payments in installments shall include a requirement that the defendant will notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine. Upon receipt of such notice the court may, on its own motion or the motion of any party, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

18 U.S.C. § 3572(d)(3).

A.

The TOP is a federal program governed by the Debt Collection Act of 1982, as amended by the Debt Collection Improvement Act of 1996, which allows the Department of the Treasury to collect delinquent debts owed to federal agencies by administrative offset. 31 U.S.C. § 3716(c)(3)(A)(i); *see also Lockhart v. United States*, 546 U.S. 142, 126 S.Ct. 699, 702, 163 L.Ed.2d 557 (2005) (authorizing federal government to collect student loan debt by way of offset against social security benefits). Before a federal agency refers a debt to the Treasury Department under the TOP, it must, *inter alia*:

> (1) notify the debtor that the agency plans to refer the debt to the Treasury Department for the offset of federal payments;
>
> (2) give the debtor at least 60 days to present evidence that all or part of the debt is not past-due or not legally enforceable;
>
> (3) consider any evidence presented by the debtor and determine that the debt is past due and legally enforceable; and
>
> (4) make reasonable efforts to collect the debt.

31 U.S.C. § 3720A(b). Although the Fifth Circuit has not directly addressed whether the TOP may be used to collect restitution orders in criminal cases, it is well-settled that the term "debt" includes the amount due for restitution. *See United States v. Messervey*, 182 Fed. Appx. 318, 320, 2006 WL 1489762 at *1 (5th Cir. May 24, 2006). It is also well-established that a restitution order may be enforced in accordance with the practices and procedures of a civil judgment under state or federal law. *Id.*, *citing* 18 U.S.C. § 3613(a) & (f).

B.

Defendant does not allege that the government failed to comply with the requirements of the TOP. Rather, defendant complains that he has not been credited with restitution payments made by him from 1996 through 2002, and that the immediate payment of his restitution obligation is

contrary to the terms of the "Fine and Restitution Program," a written agreement with the Bureau of Prisons. (*See* Def. Reply at 1-2).[3] The court rejects both arguments. First, defendant fails to allege, much less prove, the amount of any restitution payments made by him that were not included in the schedule provided by the government. Nor has defendant provided the court with a copy of the written agreement he alleges precludes the government from referring the debt to the Treasury Department under the TOP. Without such evidence, defendant cannot meet his burden of proof.

Moreover, it appears that defendant is really challenging the amount of his outstanding restitution obligation and the government's ability to collect a debt that is not past due. Such arguments must be presented to the Department of Justice, not to the court. Under the TOP, a debtor may present evidence to the appropriate federal agency that "all or part of such debt is not past-due or not legally enforceable" within 60 days of receiving notice of the intent to offset. *See* 31 U.S.C. § 3720A(b)(2). The agency must consider any such evidence before notifying the Department of the Treasury of its right to offset. *Id.* § 3720A(b)(3). Although defendant was advised of his rights in this regard, he completely bypassed the Department of Justice by seeking judicial relief. To the extent the court even has the authority to interfere with the government's ability to collect the restitution debt through the TOP, it should decline to exercise that authority until defendant presents his claim to the appropriate federal agency.

## RECOMMENDATION

Defendant's motion to amend the restitution order [Doc. #869] should be denied.

---

[3] Defendant also appears to argue that it is unfair to require him to pay the entire amount of the loss to the victims since "he never received a penny of the money and that was the proof at the trial," and that he lacks the financial resources to make restitution. (*See* Def. Reply at 1-2). The first argument is patently frivolous. The second argument was considered and rejected by the district judge in connection with defendant's prior motion to amend the restitution order.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 11, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE